UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE COMMISSION,       Docket No. 20-CV-6175

                                    Plaintiff,        **ANSWER**

        -against-
                                              **IN PERSON**
                                              **JURY TRIAL DEMANDED**

JACK BREWER,

                                    Defendant.
_____

        Defendant Jack Brewer ("Brewer") makes the following answer to the Securities and

Commission's ("Commission") complaint.   Brewer denies each allegation contained in the

Complaint as it pertains to Brewer unless hereafter admitted, qualified, or otherwise answered:

        1.      As to paragraph 1 of Commission's Complaint, Brewer is without information to

admit or deny that he was the owner and principal of "both a Commission-registered investment

advisor and a consulting firm" without the entities being properly named in the Complaint.  Brewer

admits that he was the owner of certain companies but must deny the allegations in paragraph 1

because they are incomplete.

        2.      As to paragraph 2 of Commission's Complaint, Brewer admits that he was a

celebrity endorser for the product.  The Commissions Complaint does not identify the agreement

it alleges to be relevant to this action and therefore Brewer is without sufficient information to

admit or deny to the certain agreement alleged by the Commission. Brewer does admit that he

entered into endorsement agreements with COPsync in which these agreements were drafted,

approved, and submitted by Brewer's attorney at that time.   Brewer does admit that he was

compensated in cash and shares of COPsync stock, but never received the full amount of stock

from COPsync that was owed to him per the agreement.  Currently, COPsync is in Bankruptcy

and facing a pending class action suit from several county agencies. Brewer has been identified by a court of competent jurisdiction as a proper creditor of COPsync. The remainder of the allegations Brewer denies but holds the Commission to its strict proof thereof.

3.      Brewer denies each and every allegation contained in Paragraph 3 of the Complaint and places the Commission to its full proof thereof.

4.      Brewer denies each and every allegation contained in Paragraph 4 of the Complaint.

5.      As to paragraph 5 of Commission's Complaint, Brewer denies the facts as presented by Commission's complaint and alleges that Brewer did not himself sell stock but used an independent brokerage to sell stock meeting all requirements to verify that the stock could be sold pursuant to policies, rules and law. The Commission's complaint fails to identify the specifics of the stock sale and Brewer therefor must deny placing the Commission to meet its burden of proof.

6.      As to paragraph 6 of Commission's Complaint, Brewer admits that the company issued a press release in the form that it did and shares were sold at the price of $.65 per share, but fails to articulate that the stock sold was not public information or could be predicted by Brewer or the company because the stock was set by the funder or underwriter who set the obvious ATM offering had at that time. The market price is set at the time by the funder and the underwriter. Brewer denies the remaining allegations and holds the Commission to its strict proof thereof.

7.      Brewer denies each and every allegation contained in Paragraph 7 of the Complaint.

8.      Brewer denies each and every allegation contained in Paragraph 8 of the Complaint

9.      Brewer denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     Brewer denies each and every allegation contained in Paragraph 10 of the Complaint.

11.     Brewer denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     Brewer neither admits nor denies the allegations contained in Paragraph 12 of the Complaint and further alleges that law and Commission's authority speak for itself.

13.     Brewer neither admits nor denies the allegations contained in Paragraph 12 of the Complaint and further alleges that the Commission's desires speak for itself.  However, the Commission also requested that Brewer provide information regarding another individual in exchange for not prosecuting the current action.  If Brewer cooperated, then he would not be bothered.  If Brewer did cooperate, the Commission would fully pursue the alleged $35,000 loss of the law as told to Brewer.

14.     Brewer denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     Brewer denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Brewer denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     As to paragraph 17 of Commission's Complaint, Brewer denies that he is a resident of Minnesota and Florida.  Further, Brewer admits that he is a host and/or contributor to media platforms but denies that remaining allegations.

18.     Brewer denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Brewer denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Brewer denies each and every allegation contained in Paragraph 20 of the Complaint

21.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Brewer admits the allegations contained in Paragraph 22 of the Complaint.

23.     Brewer denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     Brewer denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Brewer admits the allegations contained in Paragraph 25 of the Complaint.

26.     Brewer admits the allegations contained in Paragraph 26 of the Complaint.

27.     Brewer admits the allegations contained in Paragraph 27 of the Complaint.

28.     Brewer admits the allegations contained in Paragraph 28 of the Complaint.

29.     Brewer admits the allegations contained in Paragraph 29 of the Complaint.

30.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Brewer admits the allegations contained in Paragraph 32 of the Complaint.

33.     Brewer admits the allegations contained in Paragraph 33 of the Complaint.

34.     Brewer admits the allegations contained in Paragraph 34 of the Complaint.

35.     Brewer admits the allegations contained in Paragraph 35 of the Complaint.

36.     Brewer admits the allegations contained in Paragraph 36 of the Complaint.

37.    Brewer admits the allegations contained in Paragraph 37 of the Complaint.

38.    Brewer admits the allegations contained in Paragraph 38 of the Complaint.

39.    Brewer admits the allegations contained in Paragraph 39 of the Complaint.

40.    Brewer admits the allegations contained in Paragraph 40 of the Complaint.

41.    Brewer admits the allegations contained in Paragraph 41 of the Complaint.

42.    Brewer admits the allegations contained in Paragraph 42 of the Complaint.

43.    Brewer admits the allegations contained in Paragraph 43 of the Complaint.

44.    Brewer admits the allegations contained in Paragraph 44 of the Complaint.

45.    Brewer admits the allegations contained in Paragraph 45 of the Complaint.

46.    Brewer admits the allegations contained in Paragraph 46 of the Complaint.

47.    Brewer admits the allegations contained in Paragraph 47 of the Complaint.

48.    Brewer admits the allegations contained in Paragraph 48 of the Complaint.

49.    Brewer admits the allegations contained in Paragraph 49 of the Complaint.

50.    Brewer admits the allegations contained in Paragraph 50 of the Complaint.

51.    Brewer admits the allegations contained in Paragraph 51 of the Complaint.

52.    Brewer admits the allegations contained in Paragraph 52 of the Complaint.

53.    Brewer admits the allegations contained in Paragraph 53 of the Complaint.

54.    Brewer admits the allegations contained in Paragraph 54 of the Complaint.

55.    Brewer admits the allegations contained in Paragraph 55 of the Complaint.

56.    Brewer admits the allegations contained in Paragraph 56 of the Complaint.

57.    Brewer admits the allegations contained in Paragraph 57 of the Complaint.

58.    As to the title above paragraph 58, Brewer denies the description as being improper and inaccurate.

59.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     As to paragraphs 64 of Commission's Complaint, Brewer denies.

65.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     As to paragraph 72 of Commission's Complaint, Brewer vehemently denies.

73.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.     Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.     As to paragraph 77 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

78.     As to paragraph 78 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

79.     As to paragraph 79 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

80.     As to paragraph 80 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

81.     As to paragraph 81 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

82.     As to paragraph 82 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

83.     As to paragraph 83 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

84.     As to paragraph 84 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

85.     As to paragraph 85 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

86.     As to paragraph 86 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

87.     As to paragraph 87 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

88.     As to paragraph 88 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

89.     As to paragraph 89 of the Complaint, Brewer denies and places the Commission to its strict proof thereof.

90.     Brewer admits the allegations contained in Paragraph 90 of the Complaint.

91.     Brewer admits the allegations contained in Paragraph 91 of the Complaint.

92.     Brewer admits the allegations contained in Paragraph 92 of the Complaint.

93.     As to paragraph 93 of the Complaint, Brewer denies and alleges that he has no obligation to seek COPsyn's authority to sell stock and requests that Commission upon its burden of proof identify the authority that they content Brewer violated. Brewer places the Commission to its strict proof thereof.

94.     Brewer admits the allegations contained in Paragraph 94 of the Complaint.

95.     Brewer denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     Brewer denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     Brewer denies each and every allegation contained in Paragraph 97 of the Complaint.

98.     Brewer denies each and every allegation contained in Paragraph 98 of the Complaint.

99.     Brewer denies each and every allegation contained in Paragraph 99 of the Complaint.

100.    Brewer denies each and every allegation contained in Paragraph 100 of the Complaint.

101.    Brewer denies each and every allegation contained in Paragraph 101 of the Complaint.

102.    Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103of the Complaint.

104.    Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Brewer denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Brewer admits the allegations contained in Paragraph 106 of the Complaint.

107.     Brewer admits the allegations contained in Paragraph 107 of the Complaint.

108.     Brewer denies each and every allegation contained in Paragraph 108 of the Complaint.

109.     Brewer denies each and every allegation contained in Paragraph 109 of the Complaint

110.     Brewer denies each and every allegation contained in Paragraph 110 of the Complaint

111.     Brewer denies each and every allegation contained in Paragraph 111 of the Complaint

112.     Brewer denies each and every allegation contained in Paragraph 112 of the Complaint

113.     Brewer denies each and every allegation contained in Paragraph 113 of the Complaint.

114.     Brewer denies each and every allegation contained in Paragraph 114 of the Complaint.

115.     Brewer denies each and every allegation contained in Paragraph 115 of the Complaint

116.     Brewer denies each and every allegation contained in Paragraph 116 of the Complaint.

117.     Brewer denies each and every allegation contained in Paragraph 117 of the Complaint.

118.     Brewer denies each and every allegation contained in Paragraph 118 of the Complaint

119.    Brewer denies each and every allegation contained in Paragraph 119 of the Complaint

120.    Brewer denies each and every allegation contained in Paragraph 120 of the Complaint.

121.    Brewer denies each and every allegation contained in Paragraph 121 of the Complaint.

122.    Brewer denies each and every allegation contained in Paragraph 122 of the Complaint

123.    Brewer denies each and every allegation contained in Paragraph 123 of the Complaint.

124.    Brewer denies each and every allegation contained in Paragraph 124 of the Complaint.

125.    Brewer denies each and every allegation contained in Paragraph 125 of the Complaint

126.    Brewer denies each and every allegation contained in Paragraph 126 of the Complaint

127.    Brewer denies each and every allegation contained in Paragraph 127 of the Complaint.

128.    Brewer denies each and every allegation contained in Paragraph 128 of the Complaint.

129.    Brewer denies each and every allegation contained in Paragraph 129 of the Complaint

130.    Brewer denies each and every allegation contained in Paragraph 130 of the Complaint.

131.    Brewer denies each and every allegation contained in Paragraph 131 of the Complaint.

132.    Brewer denies each and every allegation contained in Paragraph 132 of the Complaint

133.    Brewer denies each and every allegation contained in Paragraph 133 of the Complaint

134.    Brewer denies each and every allegation contained in Paragraph 134 of the Complaint.

135.    Brewer denies each and every allegation contained in Paragraph 135 of the Complaint.

136.    Brewer denies each and every allegation contained in Paragraph 136 of the Complaint

137.    Brewer denies each and every allegation contained in Paragraph 137 of the Complaint.

138.    Brewer denies each and every allegation contained in Paragraph 138 of the Complaint.

139.    Brewer denies each and every allegation contained in Paragraph 139 of the Complaint

140.    Brewer denies each and every allegation contained in Paragraph 140 of the Complaint

141.    Brewer denies each and every allegation contained in Paragraph 141 of the Complaint.

142.    Brewer denies each and every allegation contained in Paragraph 142 of the Complaint.

143.    Brewer denies each and every allegation contained in Paragraph 143 of the Complaint

144.    Brewer denies each and every allegation contained in Paragraph 144 of the Complaint.

145.    Brewer denies each and every allegation contained in Paragraph 145 of the Complaint.

146.    Brewer denies each and every allegation contained in Paragraph 146 of the Complaint

147.    Brewer denies each and every allegation contained in Paragraph 147 of the Complaint

148.    Brewer denies each and every allegation contained in Paragraph 148 of the Complaint.

149.    Brewer denies each and every allegation contained in Paragraph 149 of the Complaint.

150.    Brewer denies each and every allegation contained in Paragraph 150 of the Complaint

151.    Brewer denies each and every allegation contained in Paragraph 151 of the Complaint.

152.     Brewer denies each and every allegation contained in Paragraph 152 of the Complaint.

153.     Brewer denies each and every allegation contained in Paragraph 153 of the Complaint

154.     Brewer denies each and every allegation contained in Paragraph 154 of the Complaint

155.     Brewer denies each and every allegation contained in Paragraph 155 of the Complaint.

156.     Brewer denies each and every allegation contained in Paragraph 156 of the Complaint.

### As and for Brewer's First Affirmative Defense

157.     Brewer admits that certain events occurred as alleged in the Commission's complaint on or about the time and place alleged in the Complaint but denies that it occurred in the manner alleged in the Complaint.

### As and for Brewer's Second Affirmative Defense

158.     Brewer specifically denies that they or any of their agents or employees were negligent, careless, or otherwise at fault as alleged in the Complaint or otherwise.

### As and for Brewer's Third Affirmative Defense

159.     Brewer specifically denies that he, Brewer Capital, nor any of their agents or employees were negligent, careless, or otherwise at fault as alleged in Commission's Complaint or otherwise.  Brewer notes that no other defendants have been named in this Complaint.

### As and for Brewer's Fourth Affirmative Defense

160.    If the Commission suffered any pecuniary loss, or any other injuries, as alleged in the Complaint or otherwise, Brewer is without knowledge, or information sufficient to form a belief as to the character or extent of any damages or injury and therefore deny the same and demand strict proof thereof.

## As and for Brewer's Fifth Affirmative Defense

161.    Brewer affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted against Brewer.

## As and for Brewer's Sixth Affirmative Defense

162.    Brewer alleges that if there is a violation of the Commission's rules and regulations as alleged, Brewer alleges that he received advice and counsel from his stock brokerage company, Morgan Stanley, who shall be held responsible for any wrongdoing if found.

## As and for Brewer's Seventh Affirmative Defense

163.    Brewer alleges that he has been intimidated by government agencies to testify against other individuals and if he did not the present action would be filed against him.  The threat of action is extortive and a violation of the law for which Brewer reserves rights to pursue an action as Brewer was told that if he did not participate with an investigation against another broker the Commission would come after him.

## As and for Brewer's Eighth Affirmative Defense

164.    Brewer alleges that Commission's claims against him are barred or limited by the legal doctrine of laches and/or by all applicable statute of limitations.

## As and for Brewer's Ninth Affirmative Defense

165.    The Court lacks jurisdiction over the subject matter of this litigation.

**As and for Brewer's Tenth Affirmative Defense**

166.   The Court herein lacks jurisdiction over Brewer.

**As and for Brewer's Eleventh Affirmative Defense**

167.   The Complaint fails to state a claim against Brewer upon which relief can be granted.

**As and for Brewer's Twelfth Affirmative Defense**

168.   Brewer reserves the right to amend this Answer and rely upon and defenses that become available or apparent during discovery in this action.

**As and for Brewer's Thirteenth Affirmative Defense**

169.   Brewer alleges that his rights as secured under the Fourth, Fifth, Sixth, and Seventh Amendments to the United States Constitution have been violated.

**As and for Brewer's Fourteenth Affirmative Defense**

170.   Brewer alleges a qualified defense that Morgan Stanley, and the attorney who provided advice that Brewer, reasonably relied upon them in converting the shares.

**PRAYER FOR RELIEF**

WHEREFORE, Brewer respectfully requests that the Court enter a judgment:

a.   Dismissing with Prejudice the current against Brewer and his agents, servants, employees and attorneys and all persons that should have been and considered to be contemplated in the allegations of this complaint;

b.   That the SEC take nothing by its pretended causes of action;

c.   That the Court enter a judgment of Dismissal of the Complaint with Prejudice in favor of Brewer and against the SEC;

d.  That the Court award Brewer its reasonable costs, expenses and disbursements
in this matter; and

e.  That the Court award Brewer such other and further relief as the Court deems
just and equitable.

Dated:  Brewster, New York

**MICHAEL V. CARUSO, P.C.**

Dated:  May 14, 2021                    By:  ___/s/ *Michael V. Caruso*_____
Michael V. Caruso (MC0117)
3871 Danbury Road
Brewster, New York 10509
mvcarusolaw@gmail.com
Tel:  (845) 207-5452
Fax: (845) 251-0002

*Attorneys for defendant Jack Brewer*

**HUTTON MADGETT, PLLC**

Dated: May 14, 2021                    *_/s/Lee A. Hutton, III_____*
Lee A. Hutton, III (#0327992)
333 South 7th Street
Suite 2450
Minneapolis, MN 55402
Tel: (612) 805-4619
Fax: (612) 455-1689
Email: lhutton@huttonmadgett.com

*Attorneys for Jack Brewer*

*PRO HAC VICE PENDING*

17

Dated: May 14, 2021                                **ROBERT R. HOPPER & ASSOC., LLC**

                                                   */s/Jason S. Juran*
                                                   Jason S. Juran (#0397935)
                                                   333 South 7th Street
                                                   Suite 2450
                                                   Minneapolis, MN 55402
                                                   T: 612-455-2199
                                                   F: 612-455-1689
                                                   E: jason.juran@robertrhopper.com
                                                   *Attorneys for Jack Brewer*

                                                   *PRO HAC VICE PENDING*