AL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

vs.

JACK BREWER, Defendant.

1:20-civ-6175 (LLS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/21

## CONFIDENTIALITY ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; it is therefore **ORDERED:**

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("Rules") on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document, to the extent practicable, in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the

time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May Be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential trade secrets, research, development, marketing, personnel, financial, competitive, commercial, personal, private, or such other sensitive commercial or personal information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Documents Which May Not Be Designated CONFIDENTIAL.** The designation "CONFIDENTIAL" shall not be applied to, and the restrictions and obligations set forth in this Protective Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Protective Order; (iii) has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) has come into a receiving party's legitimate possession prior to entry of this Protective Order.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

6. **Protection of Confidential Material.**

i. **General Protections.** Subject to the exceptions provided in paragraph 14, documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified for any purpose whatsoever other than to prepare for and conduct discovery, prepare and respond to motions, and prepare for and conduct any hearings or trial in this action, including any appeal thereof. The restrictions set out in this Protective Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated CONFIDENTIAL.

ii. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs 6(ii)(1) through (9) below or as permitted by paragraph 14. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

1. **Counsel.** Counsel for the parties and counsel's employees and agents who have responsibility for the preparation (including discovery) and trial of the action, and counsel for the defense, Plaintiff Securities and Exchange Commission ("Commission"), or the Court;
2. **Parties.** Parties to this action, including any party's officers, directors, employees, independent contractors, and interns;
3. **The Court.** The Court and its support personnel;
4. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;
5. **Consultants, Investigators and Experts.** Consultants, investigators, experts, or any person engaged to provide specialized advice (hereinafter referred to collectively as

"experts") employed or retained by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons or entities have completed the applicable individual or entity certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6. **Outside Vendors.** Clerical, paralegal, and data processing personnel, not employed by the parties to this action or by their counsel, involved in the production, reproduction, organizing, filing, coding, cataloguing, converting, storing, retrieving, or review of documents in this action, to the extent reasonably necessary to assist a party to this action or its counsel in this action, but only after such persons or entities have completed the applicable individual or entity certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7. **Non-parties with prior knowledge of documents.** Non-parties who are an author, addressee, other person indicated on the face of the document as having received a copy, or otherwise have prior knowledge of the facts disclosed in such documents, to the extent such knowledge was not obtained in violation of this Order;

8. **Witnesses.** Other persons (and their counsel) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action or in any criminal investigation or litigation; provided such person has completed the individual certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

9. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall

execute the individual certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

iii. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

iv. **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

v. **Inadvertent Production.** The provisions governing inadvertent disclosure of privileged information in Federal Rule of Evidence 502 shall govern the inadvertent production of any document or information without a designation of "CONFIDENTIAL."

7. **Filing of CONFIDENTIAL Documents under Seal.** The Court highly discourages the filing of any pleadings or documents under seal. To the extent that a brief, memorandum, or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

**i.** No CONFIDENTIAL document may be filed under seal without leave of Court.

**ii.** Before any party moves to seal a document marked as CONFIDENTIAL, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**iii.** Where agreement is not possible or adequate, the party moving to file the CONFIDENTIAL document(s) under seal shall do so electronically in accordance with Rule 3 of this Court's Individual Practices and Section 6 of this District's Electronic Case Filing Rules and Instructions.

**iv.** If the Court or another judicial officer develops an alternative method for the electronic filing of documents under seal after the date of this Order, then the parties shall follow that alternative method.

**8.** **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer with the designating party in a good faith effort to resolve the objection by agreement. If agreement is reached waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall notify all parties of the nature of the agreement and specify the covered documents.

**9.** **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion or letter motion under Local Rule 7.1, Rule 3.B of this Court's Individual Practices, and any other applicable rules or Orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information in this Action.** The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, or trial held in this action, or any appeal therefrom. In the event that any material previously designated as CONFIDENTIAL becomes public in a legal proceeding, that material will no longer be afforded confidential treatment under this Order. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide reasonable advance notice to the other party by identifying the documents or information at issue as specifically as possible *(i.e.,* by Bates number, page range, deposition transcript lines, etc.). Identification of trial exhibits or deposition testimony on any proposed pre-trial Order or Rule 26(a)(3) disclosure suffices to provide reasonable advance notice of presenting such confidential information at trial. The documents then may be presented in open court at trial unless the party who received such notice obtains an order from the Court preventing such use.

11. **Obligations on Conclusion of Litigation.**

   i. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   ii. **Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in paragraph 6(iv) above, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy all such documents that are reasonably accessible to the party (for instance, documents housed on system backup tapes maintained for disaster recovery would not be considered

reasonably accessible and therefore would not need to be destroyed under this provision); or (4) with regard to any documents in the possession of the Commission, the Commission or its staff determines that it needs to retain such documents to fulfill its record-keeping obligations or to carry out any permitted uses under Commission Form 1662. Counsel for the defendant may also retain an archival copy of CONFIDENTIAL documents, provided that same are treated and protected as contemplated by this Order, and that such documents are not to be used for any non-archival purpose.

iii. **Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents. The restrictions in this subparagraph do not apply to the Commission's use of materials as permitted by Commission Form 1662.

iv. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court *sua sponte* or on motion of a party or any other person with standing concerning the subject matter. Motions or letter motions to modify this Order shall be served and filed under Local Rule 7.1 and any other applicable rules or Orders.

13. **Limited Protection.** Documents not designated as "CONFIDENTIAL" but

produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by the defendant solely for use in connection with this action. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "CONFIDENTIAL."

14. **Disclosures Required by Law or Permitted by Commission Form 1662.** Notwithstanding any other provisions contained herein, this Order does not limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

15. **Privacy Information.** The term "Privacy Information" shall mean documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as CONFIDENTIAL. With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

**i.** The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

**ii.** The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case.

**iii.** The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this

case, subject to paragraph 15(iv) below.

**iv.** The Order shall not alter the parties' obligations to comply with the requirement of Rule 5.2(a) and (b).

**16.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**17.** **No Admission.** Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

**18.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

Dated: July 14, 2021

SECURITIES AND EXCHANGE COMMISSION

By: /s/ Todd D. Brody

Todd Brody, Esq.
Preethi Krishnamurthy, Esq.
Lindsay Moilanen, Esq.
Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022
(212) 336-0116 (Krishnamurthy)
brodyt@sec.gov

*Counsel for Plaintiff Securities and Exchange Commission*

THE HUTTON FIRM, PLLC

Dated: July 12, 2021

By: */s/Lee A. Hutton, III*

Lee A. Hutton, III
333 South 7th St. Suite 2450
Minneapolis, MN 55402
612.805.4619 (Office)
lhutton@huttonmadgett.com
lhutton@thehuttonfirm.com

*Counsel for Defendant Jack Brewer*

Dated: July 14, 2021

Louis L. Stanton
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | **1:20-civ-6175 (LLS)** |
| **Plaintiff,** | : | |
| **vs.** | : | |
| **JACK BREWER,** | : | |
| **Defendant.** | : | |

**ATTACHMENT A FOR INDIVIDUALS:**
**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

1. I have reviewed the attached Stipulated Protective Order.

2. By my signature below, I agree to the terms of the Stipulated Protective Order.

By: ____________________________
(Print Name)

____________________________
(Signature

____________________________
(Date)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | **1:20-civ-6175 (LLS)** |
| **Plaintiff,** | : | |
| **vs.** | : | |
| **JACK BREWER,** | : | |
| **Defendant.** | : | |

**ATTACHMENT A FOR ENTITIES PROVIDING LITIGATION SERVICES:**
**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

1. I am_______________(title) of___________(entity). ________________(Entity) provides litigation-related services and has policies in place for the confidential treatment of information it obtains through its services.

2. I have reviewed the Stipulated Protective Order. ___________________'s (entity) policies are consistent with the attached Stipulated Protective Order.

3. By my signature below, I agree on behalf of ___________________(entity) to the terms of the Stipulated Protective Order and state that I am authorized to agree on behalf of ___________________________________ (entity).

By: ______________________________
(Print Name)

______________________________
(Signature

______________________________
(Date)