UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>    -against-<br><br>JACK BREWER,<br><br>           Defendant. | 20 Civ. 6175 (PGG) |

## SUPPLEMENTAL DECLARATION OF TODD D. BRODY

I, Todd D. Brody, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Senior Trial Counsel in the Enforcement Division of the New York Regional Office of Plaintiff Securities and Exchange Commission ("Commission") and one of the Commission's counsel of record in this case. I make this Supplemental Declaration, pursuant to the Court's Order dated March 20, 2024 (Docket # 85, the "Order") and in further support of the Commission's Motion for Partial Summary Judgment against Defendant Jack Brewer ("Brewer").

**I.  The Commission's Original Motion Papers**

2.  Pursuant to the December 13, 2022 Scheduling Order (Docket #71), on January 31, 2023, the Commission served Brewer with its Motion for Partial Summary Judgment (the "Motion"). The Motion was not filed on ECF at that time, pursuant to the "bundling rule" of Judge Gardephe, who was then assigned to this case.[1]

3.  Judge Gardephe's Individual Practice Rule V(C), concerning motions for summary judgment, provides (and provided at the time) that "[a]ll record authority cited in a 56.1 Statement, such as affidavits, relevant deposition testimony, responses to discovery requests, or other

---

[1] The case was reassigned to this Court on February 13, 2023, which was after the Commission served the Motion on Brewer but before the Commission filed the Motion on ECF.

1

documents containing such evidence, **shall be separately filed and served as an appendix to the 56.1 Statement**.  Each appendix shall include a table of contents, and **the relevant record authority shall be submitted in the form of sequentially numbered exhibits**."  (Emphasis added.)

4. In compliance with Judge Gardephe's Individual Rule, all evidence the Commission relied upon in support of the Motion was included in its appendix which, pursuant to the bundling rule, was filed on March 20, 2023.  (Docket # 74-2.)[2]

5. To the extent the Commission relied on documents that were not already exhibits to deposition testimony, the Commission also attached these documents to the Declaration of Bennett Ellenbogen dated January 31, 2023 (Docket # 80, "Ellenbogen Declaration") for authentication purposes.

6. In its Local Rule 56.1 statement, the Commission explained: "Pursuant to the Court's Individual Practices, each factual assertion is followed by a supporting citation to the record and each underlying document is included in the SEC's Appendix of numbered exhibits.  To the extent that the Commission is relying upon materials that were not exhibits to depositions, those documents are attached to the Declaration of Bennett Ellenbogen in Support of Plaintiff Securities and Exchange Commission's Motion for Partial Summary Judgment against Defendant Jack Brewer, dated January 31, 2023."  (Docket # 74-1 at 1 n.1.)

7. When the Commission served its Motion, the Commission believed it was in compliance with all requirements, including Judge Gardephe's Individual Practices, but in any event apologizes for any oversight with respect to the manner of its exhibit filing, including the missing exhibits.

---

[2]   Docket #s 75-78 are additional exhibits to the appendix that were filed separately because of the Court ECF system's size limitations.

## II. Exhibits Attached to this Supplemental Declaration

8. Pursuant to the Court's Order and for consistency purposes, the exhibits attached to this Supplemental Declaration bear the same number as in the appendix.

9. Attached hereto as Exhibit 1 is a true and correct copy of a printout from FINRA's "broker check website" for Brewer. This document was also previously attached as Exhibit A to the Ellenbogen Declaration.

10. Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the deposition of Brewer, dated May 5, 2022.

11. Attached hereto as Exhibit 3 is a true and correct copy of a screenshot from the website of the Brewer Group, called "Meet the Founder" that describes Brewer's background. This document was also previously attached as Exhibit B to the Ellenbogen Declaration.

12. Attached hereto as Exhibit 4 is a true and correct copy of a screenshot from the Financial Industry Regulatory Authority ("FINRA") website relating to the Series 7 examination. This document was also previously attached as Exhibit C to the Ellenbogen Declaration.

13. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the deposition of Ramy Assaf ("Assaf") on March 16, 2021.

14. Attached hereto as Exhibit 6 is a true and correct copy of an email from Allen Klee ("Klee") with attachment, dated January 9, 2017. This document was previously marked as Deposition Exhibit 181.

15. Attached hereto as Exhibit 7 is a true and correct copy of an undated document bearing Brewer Capital letterhead. This document was previously marked as Deposition Exhibit 18.

16. Attached hereto as Exhibit 8 is a true and correct copy of an undated, revised organizational chart. This document was previously marked as Deposition Exhibit 222.

17. Attached hereto as Exhibit 9 is a true and correct copy of an investment adviser firm summary for Brewer Capital Management. This document was previously marked as Deposition Exhibit 95.

18. Attached hereto as Exhibit 10 is a true and correct copy of the Form ADV for BSI Wealth Management LLC d/b/a Brewer Capital Management. This document was also previously attached as Exhibit D to the Ellenbogen Declaration.

19. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from sworn investigative testimony Brewer gave before Commission lawyers on May 23, 2019.

20. Attached hereto as Exhibit 12 is a true and correct copy of an email from Jesse Meehan ("Meehan") with attachment, dated October 25, 2016. This document was previously marked as Deposition Exhibit 63.

21. Attached hereto as Exhibit 13 is a true and correct copy of the Commission's Complaint in this matter. (Docket # 1.)

22. Attached hereto as Exhibit 14 is a true and correct copy of Brewer's Answer to the Complaint in this matter. (Docket # 33.)

23. Attached hereto as Exhibit 15 is a true and correct copy of an Advisory Agreement between Brewer and Associates Consulting, LLC and Copsync, Inc. ("Copsync"), with an effective date of August 12, 2015. This document was previously marked as Deposition Exhibit 30.[3]

24. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from sworn investigative testimony Meehan gave before Commission lawyers on July 1, 2019.

---

[3] Because the Commission inadvertently provided two copies of the same document in its original filing (Exs. 12, 16), and in order to maintain consistent numbering of exhibits, the Commission is not attaching an Exhibit 16 to this Supplemental Declaration.

4

25. Attached hereto as Exhibit 18 is a true and correct copy of the Form 10-Q for the quarterly period ended September 30, 2016, filed by Copsync. This document was previously marked as Deposition Exhibit 70.

26. Attached hereto as Exhibit 19 is a true and correct copy of an Expansion Advisory Agreement, effective as of December 1, 2015, between Brewer and Associates Consulting, LLC and Copsync. This document was previously marked as Deposition Exhibit 31.

27. Attached hereto as Exhibit 20 is a true and correct copy of an Endorsement Agreement, entered into as of January 1, 2016, between Brewer and Copsync. This document was previously marked as Deposition Exhibit 32.

28. Attached hereto as Exhibit 21 is a true and correct copy of excerpts from sworn investigative testimony Ronald Woessner ("Woessner") gave before Commission lawyers on February 24, 2020.

29. Attached hereto as Exhibit 22 is a true and correct copy of an email from Danielle Berman with attachment, dated December 8, 2016. This document was previously marked as Deposition Exhibit 209.

30. Attached hereto as Exhibit 23 is a true and correct copy of a spreadsheet listing stock price information for Copsync. This document was also previously attached as Exhibit E to the Ellenbogen Declaration.

31. Attached hereto as Exhibit 24 is a true and correct copy of the Form 10-Q for the quarterly period ended March 31, 2016, filed by Copsync. This document was previously marked as Deposition Exhibit 217.

32. Attached hereto as Exhibit 25 is a true and correct copy of a Schedule 13D filed on December 15, 2017, by Copsync. This document was also previously attached as Exhibit F to the Ellenbogen Declaration.

33. Attached hereto as Exhibit 26 is a true and correct copy of an email from Meehan with attachment, dated August 24, 2016. (In the attachment to the email, account numbers have been redacted.) This document was previously marked as Deposition Exhibit 218.

34. Attached hereto as Exhibit 27 is a true and correct copy of account statements for an account held by Brewer at Morgan Stanley Smith Barney LLC from the period August 1, 2016 through February 28, 2017. (The account numbers have been redacted from the statements.) This document was previously marked as Deposition Exhibit 12.

35. Attached hereto as Exhibit 28 is a true and correct copy of text messages between Meehan and Brewer. This document was previously marked as Deposition Exhibit 219.

36. Attached hereto as Exhibit 29 is a true and correct copy of an email from Meehan with multiple attachments, dated September 21, 2016. This document was previously marked as Deposition Exhibit 26.

37. Attached hereto as Exhibit 30 is a true and correct copy of an email string with the most recent email in the string being from Maria Fernandez with attachment, dated November 3, 2016. This document was previously marked as Deposition Exhibit 188.

38. Attached hereto as Exhibit 31 is a true and correct copy of an email string with the most recent email in the string being from Maria Fernandez with attachment, dated November 18, 2016. This document was previously marked as Deposition Exhibit 189.

39. Attached hereto as Exhibit 32 is a true and correct copy of an email string with the most recent email in the string being from Assaf, dated November 23, 2016. (Account numbers have been redacted.) This document was previously marked as Deposition Exhibit 28.

40. Attached hereto as Exhibit 33 is a true and correct copy of an email from William Hayward ("Hayward"), dated November 28, 2016. (Account numbers have been redacted.) This document was previously marked as Deposition Exhibit 191.

41. Attached hereto as Exhibit 34 is a true and correct copy of excerpts from Hayward's deposition on May 6, 2022.

42. Attached hereto as Exhibit 35 is a true and correct copy of the Form 10-Q for the quarterly period ended June 30, 2016, filed by Copsync. This document was previously marked as Deposition Exhibit 129.

43. Attached hereto as Exhibit 36 is a true and correct copy of the Form 10-Q for the quarterly period ended March 31, 2016, filed by Copsync. This document was previously marked as Deposition Exhibit 217.

44. Attached hereto as Exhibit 37 is a true and correct copy of an email string with the most recent email in the string being from Chris Cottone ("Cottone"), dated May 17, 2016. This document was previously marked as Deposition Exhibit 201.

45. Attached hereto as Exhibit 38 is a true and correct copy of a Form 8-K filed by Copsync on May 26, 2016. This document was previously marked as Deposition Exhibit 68.

46. Attached hereto as Exhibit 39 is a true and correct copy of the expert report of Dr. Erin Smith, the Commission's expert witness in this matter. This document was also previously attached as Exhibit G to the Ellenbogen Declaration.

47. Attached hereto as Exhibit 40 is a true and correct copy of testimony excerpts from Woessner's deposition on March 25, 2022.

48. Attached hereto as Exhibit 41 is a true and correct copy of testimony excerpts from Klee's deposition on May 2, 2022.

49. Attached hereto as Exhibit 42 is a true and correct copy of an email string with the most recent email in the string being from Brewer, dated May 28, 2016. This document was previously marked as Deposition Exhibit 259.

50. Attached hereto as Exhibit 43 is a true and correct copy of a Form S-3 Registration Statement filed by Copsync on July 1, 2016. This document was previously marked as Deposition Exhibit 115.

51. Attached hereto as Exhibit 44 is a true and correct copy of an email string with the most recent email in the string being from Cottone, dated September 1, 2016. This document was previously marked as Deposition Exhibit 110.

52. Attached hereto as Exhibit 45 is a true and correct copy of an equity research report produced by Sidoti & Company LLC and dated October 26, 2016. This document was previously marked as Deposition Exhibit 71.

53. Attached hereto as Exhibit 46 is a true and correct copy of an email string with the most recent email in the string being from Brewer, dated October 27, 2016. This document was previously marked as Deposition Exhibit 73.

54. Attached hereto as Exhibit 47 is a true and correct copy of a Form 8-K filed by Copsync on November 25, 2016. This document was previously marked as Deposition Exhibit 131.

55. Attached hereto as Exhibit 48 is a true and correct copy of the draft minutes of a special meeting of the Board of Directors of Copsync on December 9, 2016. This document was previously marked as Deposition Exhibit 43.

56. Attached hereto as Exhibit 49 is a true and correct copy of an email string with the most recent email in the string being from Brewer with multiple attachments, dated December 12, 2016. This document was previously marked as Deposition Exhibit 44.

57. Attached hereto as Exhibit 50 is a true and correct copy of testimony excerpts from the deposition of Chase Womack ("Womack") on April 6, 2022.

58. Attached hereto as Exhibit 51 is a true and correct copy of testimony excerpts from the deposition of John H. Shaw III on April 28, 2022.

59. Attached hereto as Exhibit 52 is a true and correct copy of an email string with the most recent email in the string being from Cottone, dated December 12, 2016. This document was previously marked as Deposition Exhibit 79.

60. Attached hereto as Exhibit 53 is a true and correct copy of an email string with the most recent email in the string being from Meehan with attachment, dated December 16, 2016. This document was previously marked as Deposition Exhibit 258.

61. Attached hereto as Exhibit 54 is a true and correct copy of an email string with the most recent email in the string being from Womack with multiple attachments, dated December 21, 2016. This document was previously marked as Deposition Exhibit 80.

62. Attached hereto as Exhibit 55 is a true and correct copy of text messages between Meehan and Brewer. This document was previously marked as Deposition Exhibit 213.

63. Attached hereto as Exhibit 56 is a true and correct copy of text messages between Meehan and Brewer. This document was previously marked as Deposition Exhibit 214.

64. Attached hereto as Exhibit 57 is a true and correct copy of an email string with the most recent email in the string being from Phil Anderson, dated December 28, 2016. This document was previously marked as Deposition Exhibit 49.

65. Attached hereto as Exhibit 58 is a true and correct copy of an email from Woessner, dated December 28, 2016. This document was previously marked as Deposition Exhibit 255.

66. Attached hereto as Exhibit 59 is a true and correct copy of text messages between Meehan and Brewer. This document was previously marked as Deposition Exhibit 220.

67. Attached hereto Exhibit 60 is a true and correct copy of text messages, including messages between Meehan and Assaf. This document was previously marked as Deposition Exhibit 221.

68. Attached hereto as Exhibit 61 is a true and correct copy of a trade confirmation dated January 4, 2017 (redacted to remove the account number). This document was previously marked as Deposition Exhibit 11.

69. Attached hereto as Exhibit 62 is a true and correct copy of a trade confirmation dated January 5, 2017 (redacted to remove the account number). This document was previously marked as Deposition Exhibit 21.

70. Attached hereto as Exhibit 63 is a true and correct copy of a press release issued by Copsync on January 6, 2017. This document was previously marked as Deposition Exhibit 14.

71. Attached hereto as Exhibit 64 is a true and correct copy of a prospectus supplement filed by Copsync on January 6, 2017. This document was also previously attached as Exhibit H to the Ellenbogen Declaration.

72. Attached hereto as Exhibit 65 is a true and correct copy of a spreadsheet listing trading information for the period December 8, 2016, through February 1, 2017, for the common stock of Copsync, trading under the symbol COYN. This document was previously marked as Deposition Exhibit 122.

73. Attached hereto as Exhibit 66 is a true and correct copy of excerpts from Assaf's sworn investigative testimony before Commission lawyers on July 31, 2019.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2024
New York, New York


                                                  /s/ Todd D. Brody
                                                    Todd D. Brody